UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JORDI JOSHETH URBINA PACHECO,

       Petitioner,

v.

       Case No. 3:26-cv-296-MMH-SJH

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

       Respondents.

---

## **ORDER**

### **I. Status**

Petitioner Jordi Josheth Urbina Pacheco, an immigration detainee, is proceeding through counsel on an amended Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 5; Amended Petition). The Court construed the Amended Petition as challenging Pacheco's mandatory detention under 8 U.S.C. § 1225. See Order (Doc. 6). The Federal Respondents (Garrett Ripa and Secretary Markwayne Mullin[1]) filed a Response to the Amended Petition (Doc. 9; Response). Pacheco filed a counseled Reply (Doc. 10). This case is ripe for review.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin is automatically substituted for Kristi Noem.

## II. Background

According to Pacheco, a citizen of Honduras, he entered the United States as a minor in 2019, and the Department of Homeland Security released him on an Order of Release on Recognizance. Amended Petition at 2-3. On January 9, 2026, he was arrested "for being 'undocumented.'" Id. at 2.

## III. Analysis

As previously stated, the Court construed the Amended Petition as challenging Pacheco's mandatory detention under 8 U.S.C. § 1225. See Order (Doc. 6). As relief, Pacheco seeks, inter alia, immediate release. Amended Petition at 5. The Federal Respondents argue that this Court lacks jurisdiction over Pacheco's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 3–12.

The Court is satisfied it has jurisdiction over Pacheco's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -,

2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Pacheco entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held).

Accordingly, it is **ORDERED**:

1.      Pacheco's Amended Petition for Writ of Habeas Corpus (Doc. 5) is **GRANTED**. Respondents shall release Pacheco **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      The **Clerk** is directed to terminate any motions, enter judgment granting the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 5/7
c:
Counsel of Record